## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
CELIA M. WILLIAMS, and                  )
MARIAN A. LASHER,                       )
                                        )
          Plaintiffs,                   )
                                        )
          v.                            )          Civil Action No. 15-99 (RBW)
                                        )
BANK OF NEW YORK MELLON,                )
   et al.,                              )
                                        )
          Defendants.                   )
_____)

## <u>MEMORANDUM OPINION</u>

The <u>pro se</u> plaintiffs, Celia M. Williams and Marian A. Lasher, bring this civil action

against the Bank of New York Mellon ("Mellon"), JPMorgan Chase Bank, N.A. ("Chase"),

Albertelli Law, and several unidentified defendants, asserting, <u>inter alia</u>, claims under the federal

Truth in Lending Act, 15 U.S.C. §§ 1635, 1639, 1640 (2012), and for fraud and breach of

fiduciary duty, arising out of mortgage foreclosure proceedings in Florida state court.  <u>See</u>

Complaint ("Compl.") ¶¶ 19–48.  Currently before the Court is JPMorgan Chase Bank, N.A.'s

Motion to Dismiss and Incorporated Statement of Points and Authorities ("Chase Mot."), ECF

No. 3, which seeks dismissal of the plaintiffs' complaint for lack of subject matter jurisdiction

pursuant to Federal Rule of Civil Procedure 12(b)(1), and alternatively for failure to state a claim

pursuant to Rule 12(b)(6).  Upon careful consideration of the parties' submissions,[1] and for the reasons stated below, the Court grants Chase's motion to dismiss the complaint.[2]

## I.  BACKGROUND

The relevant facts and procedural background, as much as can be gleaned from the often repetitive factual allegations in the complaint, documents referenced in the complaint, and court records, of which the Court takes judicial notice, are as follows: the plaintiffs were the owners and mortgagors of real property located at 19616 Gulf Boulevard, #202, Indian Shores, Florida. Compl. ¶ 3.  The plaintiffs executed a June 22, 2007 promissory note, pursuant to which Chase loaned $530,000 to the plaintiffs to purchase the property, and which was secured by the property under an accompanying mortgage instrument.  Id. ¶ 9; Chase Mem., Exhibit ("Ex.") 1 (Note) at 1; Chase Mem., Ex. 2 (Mortgage) at 3.  After the plaintiffs defaulted on the note in October 2010, Mellon initiated foreclosure proceedings against the plaintiffs in the Circuit Court for the Sixth Judicial District in Pinellas County, Florida, in September 2011.  See Chase Mem., Ex. 5 (Verified Mortgage Foreclosure Complaint ("Foreclosure Compl.")) ¶ 5.  In August 2013, the plaintiffs—as the defendants in the foreclosure case—filed an answer denying the allegations in the Foreclosure Complaint and asserting several affirmative defenses.  See generally Chase Mem., Ex. 6 (Defendant[s'] Answer to Complaint and Affirmative Defense ("Foreclosure

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) Defendant JPMorgan Chase Bank, N.A.'s Statement of Points and Authorities in Support of Motion To Dismiss ("Chase Mem."); (2) the Plaintiff[s'] Opposition to JP Morgan Chase Bank, NA's Motion to Dismiss and incorporated Plaintiff[s'] Amended Memorandum of Points and Authorities in Support of Plaintiff[s'] Opposition to JP Morgan Chase Bank, NA's Motion to Dismiss ("Pls.' Opp'n"); and (3) Defendant JPMorgan Chase Bank, N.A.'s Reply in Support of Motion to Dismiss ("Chase Reply").

[2] The plaintiffs initiated this suit over a year ago, in January 2015, but failed to timely effectuate service of process upon defendants Mellon and Albertelli Law.  See Jan. 29, 2016 Order at 1, ECF No. 8.  The Court afforded the plaintiffs an opportunity to effectuate such service or risk summary dismissal of their claims against these defendants pursuant to Rule 4(m), id. at 2, which they failed to do.  In addition to the reasons for dismissal of the complaint discussed herein, Rule 4(m) requires dismissal of the complaint for failure to timely serve defendants Mellon and Albertelli Law.  See Fed. R. Civ. P. 4(m).

Answer")).  Following a February 2014 bench trial, the Florida state court found in favor of

Mellon and allowed it to foreclose on the property.  See Chase Mem., Ex. 7 (Uniform Final

Judgment of Foreclosure ("Foreclosure Judgment")) ¶¶ 5–6 (allowing the sale of the property to

satisfy the debt).  The Foreclosure Judgment included the court's finding that "[Mellon] has

standing to seek and receive the relief obtained herein."  Id. ¶ 14.  The plaintiffs subsequently

filed a motion in the Florida proceeding for relief from that court's judgment, on the ground that

"[Mellon] did not have standing, was not properly assigned the Note, and did not possess the

Note," Chase Mem., Ex. 8 (Motion for Relief from Judgment ("Mot. for Relief")) at 1, but the

motion was denied in April 2014, Ex. 9 (Order on Mot. for Relief).  Nine months later, the

plaintiffs initiated this suit.

## II.      STANDARDS OF REVIEW

### A.      Federal Rule of Procedure 12(b)(1)

When a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1),

"the plaintiffs bear the burden of proving by a preponderance of the evidence that the Court has

subject matter jurisdiction."  Biton v. Palestinian Interim Self-Gov't Auth., 310 F. Supp. 2d 172,

176 (D.D.C. 2004); see also Khadr v. United States, 529 F.3d 1112, 1115 (D.C. Cir. 2008)

(stating that the party invoking the court's subject matter jurisdiction bears the burden of

establishing that such jurisdiction exists).  A court considering a Rule 12(b)(1) motion must

"assume the truth of all material factual allegations in the complaint and 'construe the complaint

liberally, granting [the] plaintiff[s] the benefit of all inferences that can be derived from the facts

alleged.'"  Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas

v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)).  However, "the district court may consider

materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of

jurisdiction." <u>Jerome Stevens Pharm., Inc. v. FDA</u>, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (citing <u>Herbert v. Nat'l Acad. of Scis.</u>, 974 F.2d 192, 197 (D.C. Cir. 1992)).

**B.      Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff[s] plead[ ] factual content that allows the court to draw [a] reasonable inference that the defendant[s] [are] liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). While the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in the complaint, conclusory allegations "are not entitled to the assumption of truth." <u>Id.</u> at 679. "In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice." <u>Abhe & Svoboda, Inc. v. Chao</u>, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (quoting <u>Stewart v. Nat'l Educ. Ass'n</u>, 471 F.3d 169, 173 (D.C. Cir. 2006)). Among the documents "subject to judicial notice on a motion to dismiss" are "public records," <u>Kaempe v. Myers</u>, 367 F.3d 958, 965 (D.C. Cir. 2004), which includes records from other court proceedings, <u>Covad Commc'ns Co. v. Bell Atl. Corp.</u>, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

**C.      Pleadings by <u>Pro Se</u> Parties**

The pleadings of <u>pro se</u> parties are "to be 'liberally construed,' and 'a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (quoting <u>Estelle v.

Gamble, 429 U.S. 97, 106 (1976)).  However, even though a pro se complaint must be liberally

construed, the complaint must nonetheless "present a claim on which the court can grant relief."

Chandler v. Roche, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing Crisafi v. Holland, 655 F.2d

1305, 1308 (D.C. Cir. 1981)).

## III.    ANALYSIS

The main thrust of the complaint appears to be that there was no basis for the Florida

foreclosure because the defendants did not establish that they had an enforceable interest in the

note and mortgage that allowed them to seek foreclosure in that court.  See Compl. ¶ 9 (alleging

that the defendants "have acted as if they have powers to enforce the note even though they have

not proven their ownership interest in the note and have not proven their possession of the

original note"); id. ¶¶ 1–18 (setting forth allegations regarding Mellon's lack of an enforceable

interest in the note).  In addition, the plaintiffs allege that the defendants violated the Truth in

Lending Act by, inter alia, allegedly understating the financing charges associated with the

plaintiffs' mortgage.  Id. ¶¶ 20–31.  The plaintiffs also assert claims for breach of fiduciary duty,

id. ¶¶ 33–41, and common law fraud, id. ¶¶ 43–48.  For the reasons discussed below, the Court

must grant Chase's motion to dismiss the complaint in its entirety.[3]

---

[3] The plaintiffs seek to enforce an April 2012 consent judgment between Chase and other financial institutions, and the United States and several states, in an unrelated case assigned to another member of this District Court.  Compl. ¶¶ 49–51; Chase Mem., Ex. 10 (Consent Judgment) at 1.  The Court can briefly dispense with this assertion, because the plaintiffs were not parties to that consent judgment, and the District of Columbia Circuit has "opted for a bright line rule . . . that third parties to government consent decrees cannot enforce those decrees absent an explicit stipulation by the government to that effect."  SEC v. Prudential Sec. Inc., 136 F.3d 153, 158 (D.C. Cir. 1998); Rafferty v. NYNEX Corp., 60 F.3d 844, 849 (D.C. Cir. 1995) ("Unless a government consent decree stipulates that it may be enforced by a third party beneficiary, only the parties to the decree can seek enforcement of it."); Beckett v. Air Line Pilots Ass'n, 995 F.2d 280, 288 (D.C. Cir. 1993) ("Only the [g]overnment can seek enforcement of its consent decrees; therefore, even if the [g]overnment intended its consent decree to benefit a third party, that party could not enforce it unless the decree so provided." (citing Dahl, Inc. v. Roy Cooper Co., 448 F.2d 17, 20 (9th Cir. 1971))).  Nothing in the consent judgment expressly provided for enforcement by non-parties, see generally Chase Mem., Ex. 10 (Consent Judgment) at 1–7 & Ex. E (Enforcement Terms) at E-15 ("An enforcement action under this Consent Judgment may be brought by any party to this Consent Judgment or the Monitoring Committee."), and the Court, therefore, rejects the plaintiffs' contentions that they can enforce it.

### A.    The <u>Rooker-Feldman</u> Doctrine

The <u>Rooker-Feldman</u> doctrine derives from two Supreme Court cases, <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983). Under this doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." <u>Johnson v. DeGrandy</u>, 512 U.S. 997, 1005–06 (1994); <u>see also</u> <u>Gray v. Poole</u>, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (<u>Rooker-Feldman</u> doctrine prohibits lower federal courts from "hearing cases that amount to the functional equivalent of an appeal from a state court." (citing <u>Rooker</u> and <u>Feldman</u> cases)).

The Court recognizes that the <u>Rooker-Feldman</u> doctrine is narrow in scope, <u>see</u> <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 283 (2005) (stating that "the doctrine has sometimes been construed to extend far beyond the contours of the <u>Rooker</u> and <u>Feldman</u> cases"); however, the Court is nonetheless persuaded that this case falls squarely within its four corners. First, the crux of the complaint in this case is that the defendants had no standing to enforce the note.  <u>See</u> Compl. ¶ 9 ("The Defendants . . . have acted as if they have powers to enforce the note even though they have not proven their ownership interest in the note and have not proven their possession of the original note.").  The plaintiffs raised this claim as an affirmative defense in the Florida state court proceedings, Chase Mem., Ex. 6 (Foreclosure Answer) ¶¶ 1–3, and that court, after a bench trial, made an explicit finding to the contrary, <u>id.</u>, Ex. 7 (Foreclosure Judgement) ¶ 14 ("The Court finds that Plaintiff has standing to seek and receive the relief obtained herein."), and ordered the foreclosure to proceed, <u>id.</u> ¶¶ 5–6.  The plaintiffs plainly seek appellate review of the Florida state court's judgment of foreclosure by asking this Court for an order "to stop

foreclosure proceedings and eviction, and to refrain from all foreclosure actions, including eviction, on the [p]laintiffs' residence unless or until they can show that they have a documented enforceable interest in the note and mortgage" and asserting that the foreclosure judgment threatens "irreparable harm."  Compl. at 1–2, 4.  This, the Court cannot do.

The presence of purportedly new Truth in Lending Act, fraud, and breach of fiduciary duty claims in the complaint does not remove this lawsuit from <u>Rooker-Feldman</u>'s reach.  <u>See</u> Compl. ¶¶ 19–48.  "A claim is 'independent' from a state court judgment if it seeks redress for injuries that are not directly attributable to that judgment or if the 'core' of the claim is independent of the judgment."  <u>Hunter v. U.S. Bank Nat'l Ass'n</u>, 698 F. Supp. 2d 94, 99 (D.D.C. 2010).  In contrast, the plaintiffs' Truth in Lending Act, fraud, and fiduciary duty claims amount to nothing more than a collateral attack on the Florida state court's foreclosure judgment, such that any decision on the merits here would undermine that court's judgment of foreclosure.  <u>See, e.g.</u>, <u>Chipman v. U.S. Bank, N.A.</u>, No. 10-cv-483-FtM-29SPC, 2012 WL 1093144, at *2–3 (M.D. Fla. Apr. 2, 2012) (declining to exercise jurisdiction over plaintiff's Truth in Lending Act claim following judgment of foreclosure in state court because a decision on the merits would effectively nullify the foreclosure judgment).  The Court cannot allow the plaintiffs this end-run around the Florida court's determination that foreclosure proceedings should proceed, and Chase's motion to dismiss under Rule 12(b)(1) must therefore be granted.[4]

---

[4] The Court's abstention from exercising subject matter jurisdiction under these circumstances is consistent with several prior decisions rendered in this district.  <u>See</u> <u>Toth v. Wells Fargo Bank, N.A.</u>, 82 F. Supp. 3d 373, 376 (D.D.C. 2015) ("The <u>Rooker-Feldman</u> doctrine . . . applies in the instant case, too, because [the] plaintiff effectively seeks to collaterally attack the state court possession judgment ratifying the foreclosure and sale of the Michigan property . . . ."); <u>Fontaine v. Bank of Am., N.A.</u>, 43 F. Supp. 3d 1, 4 (D.D.C. 2014) ("[T]o the extent that the California courts have already ratified the foreclosure proceedings that [the plaintiff] now seeks to challenge, [the] Court concludes that the <u>Rooker-Feldman</u> doctrine renders it without subject matter jurisdiction to review the instant complaint."); <u>Silva v. Wells Fargo Bank, N.A.</u>, No. 14-273 (RMC), 2014 WL 905447, at *2 (D.D.C. Mar. 10, 2014) (dismissing the case pursuant to the <u>Rooker-Feldman</u> doctrine because the complaint amounted to a request for appellate review of the California state court's foreclosure judgment); <u>Glaviano v. JP Morgan Chase Bank, N.A.</u>,

(continued . . . )

### B.    Res Judicata

Even if the Rooker-Feldman doctrine did not bar all of the plaintiffs' claims, the well-established principles of res judicata present an insurmountable barrier to the plaintiffs.  Cf. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) ("Rooker-Feldman does not otherwise override or supplant preclusion doctrine . . . .").  When presented with a dispute previously resolved by a state court, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was rendered.'"  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).  "This choice-of-law doctrine requires federal courts to determine the particular circumstances under which a litigant would be precluded from relitigating an issue that was previously decided as a matter of state law," Brewer v. District of Columbia, 105 F. Supp. 3d 74, 85–86 (D.D.C. 2015), and in this case, the law of Florida.

Under Florida law, "a judgment on the merits bars a subsequent action between the same parties on the same cause of action."  Florida v. McBride, 848 So. 2d 287, 290 (Fla. 2003).  "Res judicata . . . prohibits not only relitigation of claims raised but also the litigation of claims that could have been raised in the prior action."  Id.[5]  "A judgment renders a matter res judicata upon

---

( . . . continued)
No. 13-2049 (RMC), 2013 WL 6823122, at *2 (D.D.C. Dec. 27, 2013) (granting the defendants' motion to dismiss on Rooker-Feldman grounds because the plaintiff's suit would require the district court to review a California state court foreclosure judgment); Hunter, 698 F. Supp. 2d at 99–100 (concluding that case fell "squarely within the ambit of the Rooker-Feldman doctrine" because the plaintiff initiated the federal suit "to contest the validity of [the Pennsylvania state court] judgment and seek[] damages for injuries he suffered as a result of the foreclosure."); Tremel v. Bierman & Geesing, L.L.C., 251 F. Supp. 2d 40, 45–46 (D.D.C. 2003) (Walton, J.) ("What the plaintiff has done, in effect, is to seek the equivalent of appellate review by this Court of a state court judgment by claiming that he has suffered injuries as a direct result of the foreclosure proceedings.  This, he cannot do, as he is seeking to have this co-equal federal counterpart of the [Maryland state court] review the decision of that court . . . .").

[5] The plaintiffs assert that they could not bring their Truth in Lending Act claims before the Florida state court because only federal courts may entertain such claims.  Pls.' Opp'n at 4, 22.  This contention is plainly unsupported by the language of the statute, which provides that Truth in Lending Act violations may proceed both in federal

(continued . . . )

the occurrence of four conditions: identity of the thing sued for; identity of cause of action;

identity of parties; and identity of the quality in the person for or against whom the claim is

made." Maison Grande Condo. Ass'n v. Dorten, Inc., 621 So. 2d 762, 764 (Fla. Dist. Ct. App.

1993). And, "[t]he doctrine of res judicata applies to 'bar an action where the same issue was

presented as a defense in an earlier suit resulting in a judgment adverse to the party bringing the

subsequent claim.'" FDIC v. Hemmerle, 592 So. 2d 1110, 1115 (Fla. Dist. Ct. App. 1991)

(emphasis added) (quoting Am. Nat'l Bank & Trust, Co. v. Egidi, 388 So. 2d 51, 52 (Fla. Dist.

Ct. App. 1980))

Applying Florida preclusion principles, the Court concludes that the plaintiffs' claims are

barred here. The "identity of the thing sued for" prong of res judicata is satisfied because the

plaintiffs seek relief from foreclosure on their property, which is identical to the relief they

requested in the state court proceeding. See Chase Mem., Ex. 6 (Foreclosure Answer) at 13

(seeking dismissal with prejudice of the Foreclosure Complaint). Second, this case involves "the

same parties or their privies." Kimbrell v. Paige, 448 So. 2d 1009, 1012 (Fla. 1984); see also

Progressive Am. Ins. Co. v. McKinnie, 513 So. 2d 748, 749 (Fla. Dist. Ct. App. 1987) ("A privy

is one who is identified with the litigant in interest."); West v. Kawasaki Motors Mfg. Corp., 595

So. 2d 92, 94 (Fla. Dist. Ct. App. 1992) ("[T]he term 'parties' has been broadly interpreted to

include more than just record parties—so that, for example, a person in privity with a record

party, as well as a person who controls for his own interest a record party, may invoke the

doctrine of res judicata . . . ."). Third, the "identity of cause of action" prong is satisfied here

---

( . . . continued)
court and "any other court of competent jurisdiction." See 15 U.S.C. § 1640(e). Indeed, the statute also provides
that a consumer may assert certain violations of the Truth in Lending Act "as a matter of defense by recoupment or
setoff" in a judicial foreclosure proceeding. Id. § 1640(k)(1).

because "the facts or evidence necessary to maintain the suit are the same in both actions." Tyson v. Viacom, Inc., 890 So. 2d 1205, 1209 (Fla. Dist. Ct. App. 2005) (quoting Albrecht v. Florida, 444 So. 2d 9, 12 (Fla. 1984), superseded by statute on other grounds, Bowen v. Fla. Dep't. of Envtl. Regulation, 448 So. 2d 566 (Fla. Dist. Ct. App. 1984)).  Specifically, the facts necessary to address the core issue of the defendants' standing to enforce the note would be the same here and in the state court.  Finally, the "identity of the quality in the person for or against whom the claim is made" prong is satisfied because the plaintiffs seek redress in their identical capacity as mortgagors against defendants whose interests are rooted in foreclosing on the property.  E.g., Jenkins v. Lennar Corp., 972 So. 2d 1064, 1066 (Fla. Dist. Ct. App. 2008) ("[B]ecause the defendants were sued in the same capacity vis-à-vis [the plaintiff] in each of the lawsuits, identity of the quality of the person against whom the complaint was made clearly exists.").  Given that all four identities required under Florida law are present here, the complaint is also barred by res judicata, and Chase's motion to dismiss the complaint under Rule 12(b)(6) must be granted.[6]

## IV.    CONCLUSION

For the reasons set forth above, the Court shall grant Chase's motion to dismiss the complaint in its entirety.

**SO ORDERED** this 14th day of March, 2016.[7]

REGGIE B. WALTON
United States District Judge

---

[6] Because the Court concludes that the complaint must be dismissed under the Rooker-Feldman doctrine, or alternatively, due to res judicata, it need not reach Chase's statute of limitation arguments.

[7] The Court shall contemporaneously issue an Order consistent with this Memorandum Opinion.